KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
DALE F. KINSELLA (SBN 063370)
  dkinsella@kwikalaw.com
MICHAEL J. KUMP (SBN 100983)
  mkump@kwikalaw.com
KRISTEN L. SPANIER (SBN 181074)
  kspanier@kwikalaw.com
CHAD R. FITZGERALD (SBN 217551)
  cfitzgerald@kwikalaw.com
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
Telephone: 310.566.9800
Facsimile: 310.566.9850

Attorneys for Defendant LORING WARD, INC.

*Lodged proposed Order*

08 MAR 24 PM 4: 11

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY: ___

FILED

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CHRISTINE WOLF,<br><br>  Plaintiff,<br><br>vs.<br><br>LORING WARD INTERNATIONAL, LTD. f/k/a ASSANTE NEWCO III, LTD., LORING WARD CAPITAL MANAGEMENT LTD. f/k/a ASSANTE GLOBAL ADVISORS, INC., LORING WARD, INC. f/k/a ASSANTE BUSINESS MANAGEMENT INC., ASSANTE CORPORATION, MARTIN WEINBERG, and ROBERT PHILPOTT,<br><br>  Defendants. | CASE NO. CV05-3535 PSG (RZx)<br><br>Honorable Philip S. Gutierrez<br><br>**DEFENDANT LORING WARD, INC.'S APPLICATION TO FILE CONFIDENTIAL DOCUMENTS UNDER SEAL [L.R. 79-5.1]**<br><br>Date:  April 7, 2008<br>Time:  1:30 p.m.<br>Crtrm.: 790 (Roybal Federal Bldg.)<br><br>Trial Date: June 3, 2008<br><br>[[Proposed] Order filed concurrently herewith] |

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

1      Pursuant to Local Rule 79-5.1, Defendant Loring Ward, Inc. ("Loring Ward")

2  hereby requests that the following confidential document, copies of which are

3  lodged concurrently herewith, be filed under seal:

4      1.     Loring Ward's Opposition to Plaintiff's Motion to for Leave to File a

5  Second Amended Complaint; Memorandum of Points and Authorities; and

6  Declaration of Chad R. Fitzgerald in Support.

7      Loring Ward's request to file the foregoing document under seal is well-taken

8  in that Loring Ward, the other defendants in the case, and plaintiff Christine Wolf,

9  as parties to the Stipulated Protective Order signed by the Court on May 11, 2007

10  and attached hereto as Exhibit A (the "Protective Order"), agreed to maintain the

11  confidentiality of the certain confidential and sensitive materials obtained in

12  discovery. The parties' duties regarding use of confidential information in Court

13  proceedings are set forth in Paragraph 12 of the Protective Order.

14      Loring Ward's Opposition papers contain quotations from the transcript of the

15  deposition of William Beslow, which transcript was designated as "Confidential."

16  Pursuant to the Protective Order, the parties are obligated to seek confidential

17  treatment of the deposition transcript, and LWI does so by this Application.

18      The parties agree that the deposition excerpts themselves, and the memoranda

19  of points and authorities filed in support of and opposition to LWI's Motion, should

20  be filed under seal.

21  DATED: March 24, 2008       Respectfully submitted,

22                      KINSELLA WEITZMAN ISER KUMP &

23                      ALDISERT LLP

24

25                  By: _____

26                     Chad R. Fitzgerald

27                     Attorneys for Defendant LORING

28                     WARD, INC.

1  Patricia L. Glaser, State Bar No. 055668
   Pglaser@chrisglase.com
2  Joel N. Klevens, State Bar No. 045446
   Jklevens@chrisglase.com
3  CHRISTENSEN, GLASER, FINK, JACOBS,
       WEIL & SHAPIRO, LLP
4  10250 Constellation Boulevard, 19th Floor
   Los Angeles, California 90067
5  Telephone:  (310) 553-3000
   Facsimile:  (310) 556-2920
6
7  Attorneys for Defendant Martin Weinberg

FILED
CLERK, U.S. DISTRICT COURT

MAR 11 2007

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

DOCKETED ON CM

MAY 15 2007

BY                          053

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10                   WESTERN DIVISION

11  CHRISTINE WOLF,                    )  Case No. Civ. 05-3535 PSG (RZx)
                                       )
12              Plaintiff,             )  STIPULATION AND [PROPOSED]
                                       )  PROTECTIVE ORDER
13                                     )
                                       )  Discovery Matter – Referred to
14  LORING WARD INTERNATIONAL,         )  Magistrate Judge Ralph Zarefsky
    LTD. f/k/a ASSANTE NEWCO III,      )
15  LTD., LORING WARD CAPITAL          )  [First Amended Complaint filed:
    MANAGEMENT, LTD. f/k/a             )  May 20, 2005]
16  ASSANTE GLOBAL ADVISORS,           )
    INC., LORING WARD, INC. f/k/a      )
17  ASSANTE BUSINESS                   )
    MANAGEMENT INC., ASSANTE           )
18  CORPORATION, MARTIN                )
    WEINBERG, and ROBERT               )
19  PHILPOTT,                          )
                                       )
20              Defendants.            )
                                       )
21                                     )

*NOTE CHANGES MADE BY THE COURT.*

22
           The parties have submitted this Stipulated Protective Order and made therein a
23
    good and sufficient showing.  The Court finds that, for good cause, and in the
24
    interests of justice, a protective order should issue to protect the confidential and
25
    sensitive documents and information of the parties and to minimize discovery
26
    disputes arising from claims for confidential treatment of discoverable material.
27

28

**IT IS HEREBY STIPULATED, CONSENTED TO, AND AGREED** by and among the undersigned parties, and **IT IS HEREBY ORDERED** by the Court that:

**PARTIES:**

1.    Any Party (the word "Party" is used herein to refer to Plaintiff, Defendants, any other party who later appears in this action and becomes bound by the terms of this Protective Order) or any Third Party (the term "Third Party" is used herein to refer to any third party that produces documents or provides testimony in this action or whose documents are produced by a Party in this action) may designate as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" any testimony, documents, computer media, records, or tangible things – and any copies, abstracts, excerpts, or analyses thereof (collectively referred to as "Records") – concerning: (a) confidential, private and/or financial information of individuals because this information is protected by a privacy privilege as defined by the laws of the State of California, the Federal Rules of Civil Procedure and federal discovery rules, and hereinafter described in Paragraph 2, *infra*; (b) separate lawsuits or disputes the parties may be involved in or have been involved in, because this information is protected by a privacy privilege as defined by the laws of the State of California, the Federal Rules of Civil Procedure and federal discovery rules, and hereinafter described in Paragraph 2, *infra*; and (c) confidential business or proprietary information, on the grounds that the Party so designating the information contends in good faith that the information is protected by a privilege as defined by the laws of the State of California, the Federal Rules of Civil Procedure, Rule 26(c) and federal discovery rules, and hereinafter described in Paragraph 2, *infra*.

As a general guideline, Records designated as "CONFIDENTIAL" shall be those things that may be disclosed to the Parties for purposes of this litigation, but which must be protected against disclosure to third-parties. Records designated as "ATTORNEYS' EYES ONLY" shall be those things that are of such a highly sensitive nature that disclosure should be limited to a narrower group of people, and

CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
19TH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  includes but is not limited to Records containing trade secrets, trade and business

2  and/or financial information of third parties, proprietary financial information not

3  released or announced to the public and/or information protected by a right to

4  privacy under any state or federal constitutional provision, or any similar statute,

5  rule, or regulation. The Parties cannot reasonably anticipate all information that will

6  be requested and produced in this action, and they therefore reserve the right to

7  designate as "ATTORNEYS' EYES ONLY" any Records, which they in good faith

8  believe is entitled to the designation even if it is not expressly mentioned in the

9  definition above.

10      All Records designated as "CONFIDENTIAL" or "ATTORNEYS' EYES

11  ONLY" shall be referred to in this Protective Order as "Confidential Information."

12      **GOOD CAUSE STATEMENT:**

13      2.   In the course of conducting jurisdictional discovery, the Parties recognized

14  that a substantial volume of the anticipated discovery in this matter does and will

15  involve matters to which attach one or more of the following, possibly overlapping,

16  privileges: (a) privacy privilege and (b) confidential business or proprietary

17  information.

18      The Parties also acknowledge that, due to the conditional nature of some of

19  these privileges balanced against the litigation needs of the Parties, due to waivers of

20  some of the privileges by operation of law, and in light of the policies favoring

21  liberal discovery and the use of interim procedures to protect both the privileges and

22  litigation rights of the Parties, working out a practical protocol for advancing

23  expeditious discovery without unduly invading those privileges would benefit all

24  concerned. Further, the Parties desire to implement a protocol that is sufficiently

25  broad in scope to permit ready application to otherwise privileged documents to

26  avoid the necessity of repeated and delay-inducing recourse to the Courts, especially

27  as both confidential documents and testimony might arise on an ad hoc basis in

28  depositions. If no protective order is entered, privileged records will be withheld by

one Party or the other, thereby prejudicing legitimate discovery interests of the requesting Party. Alternatively, if privileged Records are produced, the producing Party (or affected individual), will be prejudiced by disclosure of private personal information and/or confidential or proprietary business information.

Pursuant to *Fed.R.Civ.P.* 26, good cause exists for the protective provisions specified herein for the mentioned classes of documents, as follows:

(a) **Personal Privacy Protected Information & Records:** The Parties are conducting jurisdictional discovery, which involves disclosing information concerning individual and/or entity contacts with the State of California. These contacts are reflected in documents that contain personal and/or financial and/or confidential business and proprietary information of the Parties and others. The Parties also anticipate that, during discovery on the merits, the Parties will seek information containing personal and/or financial and/or confidential business and proprietary information of the Parties and others. This information invokes both state law privacy privileges, secured by Federal Rules of Evidence and discovery rules, and establishes the necessity for discovery disclosure and potential use by all Parties in anticipated determinations of the merits as reasonably calculated to lead to admissible evidence impacting the merits of Plaintiff's claims and Defendants' defenses thereto, requiring a balancing of the privilege interests and the Parties' litigation needs; and

(b) **Confidential Business or Proprietary Information:** The Parties are conducting jurisdictional discovery, which involves disclosing information concerning individual and/or entity contacts with the State of California. These contacts are reflected in documents that contain confidential business or proprietary information of the entity defendants and the entity defendants' individual clients, who are completely unrelated and uninvolved in this present lawsuit. The Parties also anticipate that, during discovery on the merits, the Parties will seek information regarding the entity defendants and their individual clients, who are not parties to this

LAW OFFICES
CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1 | lawsuit. This information invokes both state law privacy privileges and federal

2 | privacy privileges, secured by Federal Rules of Evidence and discovery rules, and

3 | establishes the necessity for discovery disclosure and potential use by all Parties in

4 | anticipated determinations of the merits as reasonably calculated to lead to

5 | admissible evidence impacting the merits of Plaintiff's claims and Defendants'

6 | defenses thereto, requiring a balancing of the privilege interests and the parties'

7 | litigation needs.

8 | **ACCESS TO CONFIDENTIAL INFORMATION:**

9 |     3.    No one shall be permitted access to Confidential Information except to the

10 | extent reasonably necessary to assist in the prosecution, defense, settlement, or

11 | appeal of this action. Notwithstanding the foregoing, any Party may use its own

12 | Confidential Information for any purpose whatsoever. Nothing herein shall prohibit

13 | a Party, or its counsel, from disclosing a document that contains Confidential

14 | Information to the person whom the document identifies as an author, addressee, or

15 | recipient of such document.

16 |     4.    Records designated as "CONFIDENTIAL" materials may be disclosed

17 | only to the following:

18 |     (a)    Any attorney acting as counsel of record in this action, or retained

19 | or employed by any of the Parties, (*i.e.*, paralegal, office

20 | assistants, secretaries, stenographic or clerical employees or

21 | contractors, and outside copying services), (1) to whom it is

22 | necessary that the Records be disclosed for purposes of this

23 | litigation, and (2) only after the persons to whom access is

24 | permitted have been advised of the provisions of this Protective

25 | Order and instructed to comply with it;

26 |     (b)    Any Party who is an individual and individuals who are current

27 | officers, directors and other employees or agents of any Party, but

28 | in any event, (1) only to the extent necessary to assist in the

LAW OFFICES
CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310.553.3000

conduct, analysis or preparation of this litigation, (2) only after the individual Party or the general counsel for any entity Party has certified in writing (by executing an Acknowledgment in the form attached hereto as Exhibit "A") that he or she has read this Protective Order and agrees to be bound by its terms and conditions, and (3) only after the other persons to whom access is permitted have been advised of the provisions of this Protective Order and instructed to comply with it;

(c)    Any bankers, financial advisors and/or financial consultants retained or employed by the Party to advise the Party regarding financial and/or business decisions relating to the litigation, provided that the Records shall only be disclosed to such persons (1) to the extent necessary to assist the Party in making financial and/or business decisions relating to the litigation; and (2) under an appropriate confidentiality agreement; and

(d)    Any person who is expressly retained or sought to be retained by a Party as a consultant or as a testifying expert (*i.e.*, an accountant, statistician, economist, or industry or technical expert), provided that the Records shall only be disclosed to any such person: (1) to the extent necessary for that person to perform his or her work on this litigation; and (2) after he or she has certified in writing (by executing an Acknowledgment in the form attached hereto as Exhibit "A") that he or she has read this Protective Order and agrees to be bound by its terms and conditions;

(e)    Deponents, but (1) only to the extent necessary to assist in the conduct or preparation of this litigation; and (2) only after the deponent has certified in writing (by executing an Acknowledgment in the form attached hereto as Exhibit "A") that

he or she has read this Protective Order and agrees to be bound by its terms and conditions or has been personally served with the Protective Order on the record of his or her deposition in the presence of counsel for all parties who have appeared in the action;

    (f)    Any insurance company that is providing defense and/or indemnification to any Party for this litigation or considering providing such defense and/or indemnification and any insurance broker assisting the Party with such process, provided that the Records shall only be disclosed to such persons (1) to the extent necessary to assist in analyzing such insurance issues or in the conduct, analysis or preparation of this litigation; and (2) under an appropriate confidentiality agreement; and

    (g)    The Court, court personnel, and any court reporters used in connection with this litigation under provisions assuring that the disclosed material will remain under seal as provided herein.

5.    Records designated as "ATTORNEYS' EYES ONLY" may be disclosed only to the following:

    (a)    Any attorney acting as counsel of record in this action, or any paralegal, office assistants, secretaries or stenographic or clerical personnel regularly employed by counsel of record (1) to whom it is necessary that the Records be disclosed for purposes of this litigation, and (2) only after the persons to whom access is permitted has certified in writing (by executing an Acknowledgment in the form attached hereto as Exhibit "A") that he or she has read this Protective Order and agrees to be bound by its terms and conditions;

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

LAW OFFICES
CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310/553-3000

(b)    Any person who is expressly retained or sought to be retained by a Party as a consultant or as a testifying expert (*i.e.*, an accountant, statistician, economist, or industry or technical expert), provided that the Records shall only be disclosed to any such person: (1) to the extent necessary for that person to perform his or her work on this litigation; and (2) after he or she has certified in writing (by executing an Acknowledgment in the form attached hereto as Exhibit "A") that he or she has read this Protective Order and agrees to be bound by its terms and conditions; and

(c)    The Court and court personnel under provisions assuring that the disclosed Records will remain under seal as provided herein.

(d)    Parties to this proceeding are specifically excluded from the list of persons to whom "ATTORNEYS' EYES ONLY" Records may be disclosed.

6.    The Party disclosing Confidential Information shall retain a copy of all Acknowledgments signed by any person to whom disclosure is made, and shall provide a copy of the Acknowledgements to opposing counsel at the conclusion of the action.

7.    Any person who receives Confidential Information pursuant to this Protective Order shall use and maintain such information in a manner that protects and preserves the confidentiality of such information.

8.    Each Party and each person described in Paragraphs 4(b), (d) or (e) and Paragraphs 5(a) or (b) who receives any Confidential Information covered by the terms of this Protective Order hereby agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Order. The recipient of any Confidential Information that is provided under this Order shall maintain such information in a secure and safe area and in a manner which ensures that access to

Confidential Information is strictly limited to persons entitled to receive Confidential

Information in accordance with the provisions of this Order.

## METHOD FOR DESIGNATION OF CONFIDENTIAL INFORMATION:

9. Parties shall designate Confidential Information as follows:

    (a)    In the case of documents, interrogatory answers, responses to requests for admissions, and the information contained therein, designation shall be made by clearly identifying same in a producing cover document, by agreement of counsel as to particular documents, or by placing the following legend, as appropriate, on each page of any such document prior to production covered by the terms of this Protective Order: "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." A Party furnishing documents or things to another Party covered by the terms of this Protective Order shall have the option to require that all or selected portions of those documents or things be treated as Confidential Information during inspection, and also to designate particular documents and things as containing Confidential Information at the time copies are made or produced. The inadvertent or unintentional disclosure of Confidential Information without a "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation shall not be deemed a waiver, either in whole or in part of a Party's claim that the specific information disclosed, any related information, or any information on the same or a related subject matter is confidential. Upon discovery of an inadvertent or unintentional disclosure of Confidential Information, counsel for the Parties should, to the extent possible, cooperate to restore the confidentiality of any Confidential Information that was inadvertently or unintentionally disclosed.

CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

(b) In the case of information produced on magnetic disks or other computer-related media, designation shall be made by clearly labeling each disk "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" prior to production. In the event a receiving Party generates any "hard copy" or printout from such disks, that Party must immediately stamp each page "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" as appropriate and the hard copy or printout shall be treated as provided herein for such categories.

(c) In the case of depositions, any counsel may designate all or part of any deposition transcript (including exhibits) which contains "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" material covered by the terms of this Protective Order by making a statement so designating the material on the record during the course of the deposition. In making such a designation, counsel shall attempt to identify and designate in good faith those portions of the examination, transcript, e-transcript or exhibits which contain Confidential Information, and those portions of the transcript, e-transcript and exhibits so identified shall be separately marked and bound by the court reporter and labeled as containing Confidential Information. In addition, within twenty (20) days after the court reporter notifies all counsel that a completed transcript is available, any counsel may designate all or part of any deposition transcript (and/or exhibits) as containing Confidential Information covered by the terms of this Protective Order by serving a notice designating such material on all other Parties. Such notice shall specify the particular portions of the transcript and any exhibits that counsel wishes to designate as containing Confidential Information by listing on a separate sheet

LAW OFFICES
CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

of paper the numbers of the pages of the transcript and the particular exhibits containing Confidential Information, so that the sheet may be affixed to the face of the transcript and each copy of the transcript. Pending expiration of this twenty (20) day period, all Parties shall treat the testimony and exhibits as if such materials had been designated as "ATTORNEYS' EYES ONLY." If a deposition is videotaped and a portion of the deposition is designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," the Parties shall treat the entire deposition video (whether cassette or DVD) as if it had been designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," whichever is applicable. Any Party who wants to use a portion of the videotape which does not contain Confidential Information for any purpose relating to this litigation will have the burden of separating out and duplicating the portions of the videotape which do not contain Confidential Information. If no counsel designates any portion of a transcript as confidential on the record during the course of the deposition, or within the twenty (20) day period after counsel receives notice that a completed transcript is available, the transcript, e-transcript and any videotape shall be considered not to contain any Confidential Information. Portions of a transcript (including exhibits), e-transcript or videotape designated as Confidential Information may only be disclosed in accordance with the terms of this Protective Order.

(d)   In the event that counsel for a Party believes it is necessary during the course of a deposition to show Records designated as "CONFIDENTIAL" to a deponent who is otherwise not permitted access to such information under the terms of this Protective

Order, counsel may do so only if the deponent is notified of the Protective Order and served with a copy thereof.

**USE OF CONFIDENTIAL INFORMATION:**

10. No Party may disclose or use any Confidential Information in a manner that does not comply with the terms and conditions of this Protective Order.

11. Any Confidential Information which is produced to a Party by the other side in the litigation, shall not be used for any purpose other than the conduct of this litigation.

12. In the event that any Party desires to use in any Court proceeding any Confidential Information covered by the terms of this Protective Order, or in the event of any dispute as to application of this Protective Order, or in the event of any allegation of a violation of this Protective Order, counsel shall first meet and confer with other counsel to (a) attempt to reach agreement for the terms of its use; and (b) craft such application to the Court and terms for sealing of the Confidential Information as can be agreed upon. If counsel cannot reach agreement, either Party may then seek recourse to the Court under *Fed.R.Civ.P.* 37 and related United States Statutes and Rules, related local rules of court, and/or by appropriate application under Local Rule 79-5.1; and pending resolution of same, the papers or portions deemed or alleged to be confidential or privileged shall be lodged with the Court under seal and in accordance with said rule.

**RESERVATIONS OF RIGHTS:**

13. Nothing contained in this Protective Order constitutes an admission or waiver of any claim or defense by any Party, and nothing contained in this Protective Order shall affect the right of any Party to make any objection, claim any privilege, or otherwise contest any request for production of documents, interrogatory, request for admission, or question at a deposition, or to seek further relief or protective orders from the Court.

14. Nothing in the provisions of this Protective Order shall be deemed to

LAW OFFICES
CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  preclude any Party from seeking and obtaining, on an appropriate showing, such

2  additional protection with respect to Confidential Information as that Party may

3  consider appropriate; or to challenge any Party's designation of Records as

4  "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" or to oppose production of

5  any Records on any ground allowed under the Federal Rules of Civil Procedure; or

6  any opposition thereto or relief sought by any other Party.

7       15.    Nothing contained in this Protective Order constitutes or is intended to

8  be a waiver of any rights of any third-party, and nothing contained in this Protective

9  Order shall affect the right of any third-party to make any objection, claim any

10  privilege, or otherwise contest any discovery propounded in this action, or to seek

11  further relief or protective orders from this Court.

12       16.    As of the date of counsel's execution of this Order, both defendant

13  Martin Weinberg and defendant Loring Ward International, Ltd. have filed motions

14  arguing that the above-captioned court lacks personal jurisdiction over them. Said

15  defendants are entering into this protective order solely to facilitate limited discovery

16  on issues arising out of the jurisdictional challenges. Nothing contained herein is

17  intended to be, nor may it be construed to be, a waiver or admission of jurisdiction.

18  **CONCLUSION OF LITIGATION:**

19       17.    Within sixty (60) days after the termination of litigation between the

20  Parties (including exhaustion of appeals), each Party shall either: (1) return all

21  Confidential Information to the Party that produced it; or (2) destroy the Confidential

22  Information and provide to the Party that produced it a statement under penalty of

23  perjury certifying that the Confidential Information has been destroyed. This Court

24  retains jurisdiction over this matter until completion of the process described in this

25  Paragraph. However, notwithstanding the foregoing, outside counsel for each Party

26  may retain one complete and unredacted set of pleadings and papers filed with the

27  Court or served on the other Parties (including documents produced by any Party)

28  solely for reference in the event of, and only in the event of further proceedings or

litigation between the Parties or a dispute over the use or dissemination of Confidential Information subject to the terms of this Protective Order.

The copy of pleadings and papers retained by outside counsel shall be maintained in a file accessible only by outside counsel bound by this Protective Order.

Joel N. Klevens, Esq. State Bar No. 045446
CHRISTENSEN, GLASER, FINK, JACOBS,
WEIL & SHAPIRO, LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920

By _____          May 7, 2007
  Joel N. Klevens
Attorneys for Defendant Martin Weinberg


Mark Glasser, Esq. State Bar No. 08014500
KING AND SPALDING
1100 Louisiana Street, Suite 400
Houston, TX 77002-5213
Telephone: (713) 751-3200
Facsimile: (713) 751-3290

By _____
  Mark Glasser
Attorneys for Plaintiff Christine Wolf

Dale F. Kinsella, Esq. State Bar No. 063370
Kristen L. Spanier, Esq. State Bar No. 181074
KINSELLA, WEITZMAN, ISER, KUMP & ALDISERT LLP
808 Wilshire Boulevard, Third Floor
Santa Monica, CA 90401
Telephone: (310) 566-9800
Facsimile: (310) 566-9850

By _____          _____
  Kristen L. Spanier
Attorneys for Defendants Loring Ward International Ltd., Loring Ward, Inc., and Robert Philpott

## ORDER

IT IS SO ORDERED, with these limitations: (1) This order shall not govern material submitted in connection with dispositive motions; and (2) this order shall not govern at trial. Any protection sought in connection with those matters must be on the basis of a separate application to the judicial office presiding at those proceedings.

Dated: 5/11/07                           _____
                                         United States Magistrate Judge
                                         Ralph Zarefsky

14

litigation between the Parties or a dispute over the use or dissemination of

Confidential Information subject to the terms of this Protective Order.

The copy of pleadings and papers retained by outside counsel shall be

maintained in a file accessible only by outside counsel bound by this Protective

Order.

Joel N. Klevens, Esq. State Bar No. 045446
CHRISTENSEN, GLASER, FINK, JACOBS,
WEIL & SHAPIRO, LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920

By _____

  Joel N. Klevens
Attorneys for Defendant Martin Weinberg


Mark Glasser, Esq. State Bar No. 08014500
KING AND SPALDING
1100 Louisiana Street, Suite 400
Houston, TX 77002-5213
Telephone: (713) 751-3200
Facsimile: (713) 751-3290

By *Mark Glasser by permission*    *May 8, 2007*
  Mark Glasser    *cc*
Attorneys for Plaintiff Christine Wolf

Dale F. Kinsella, Esq. State Bar No. 063370
Kristen L. Spanier, Esq. State Bar No. 181074
KINSELLA, WEITZMAN, ISER, KUMP & ALDISERT LLP
808 Wilshire Boulevard, Third Floor
Santa Monica, CA 90401
Telephone: (310) 566-9800
Facsimile: (310) 566-9850

By _____

  Kristen L. Spanier
Attorneys for Defendants Loring Ward International Ltd., Loring Ward, Inc., and
Robert Philpott

## ORDER

IT IS SO ORDERED.


Dated: _____    _____
                                 United States Magistrate Judge
                                 Ralph Zarefsky

LAW OFFICES
CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10250 Constellation Boulevard
Nineteenth Floor
Los Angeles, California 90067
310-553-3000

LAW OFFICES
CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10250 Constellation Boulevard
Nineteenth Floor
Los Angeles, California 90067
310-553-3000

1   litigation between the Parties or a dispute over the use or dissemination of

2   Confidential Information subject to the terms of this Protective Order.

3       The copy of pleadings and papers retained by outside counsel shall be

4   maintained in a file accessible only by outside counsel bound by this Protective

5   Order.

6   Joel N. Klevens, Esq. State Bar No. 045446
    CHRISTENSEN, GLASER, FINK, JACOBS,
7   WEIL & SHAPIRO, LLP
    10250 Constellation Boulevard, 19th Floor
8   Los Angeles, California 90067
    Telephone: (310) 553-3000
9   Facsimile: (310) 556-2920

10   By _____    _____
      Joel N. Klevens
11   Attorneys for Defendant Martin Weinberg

12

    Mark Glasser, Esq. State Bar No. 08014500
13   KING AND SPALDING
    1100 Louisiana Street, Suite 400
14   Houston, TX 77002-5213
    Telephone: (713) 751-3200
15   Facsimile: (713) 751-3290

16   By _____    _____
      Mark Glasser
17   Attorneys for Plaintiff Christine Wolf

18   Dale F. Kinsella, Esq. State Bar No. 063370
    Kristen L. Spanier, Esq. State Bar No. 181074
19   KINSELLA, WEITZMAN, ISER, KUMP & ALDISERT LLP
    808 Wilshire Boulevard, Third Floor
20   Santa Monica, CA 90401
    Telephone: (310) 566-9800
21   Facsimile: (310) 566-9850

22   By _Kristen Spanier_____    _5-7-07_____
      Kristen L. Spanier
23   Attorneys for Defendants Loring Ward International Ltd., Loring Ward, Inc., and
    Robert Philpott

24                         **ORDER**

25   IT IS SO ORDERED.

26

27

    Dated: _____

28                           _____
                          United States Magistrate Judge
                          Ralph Zarefsky

## EXHIBIT "A"

## AGREEMENT AND DECLARATION CONCERNING CONFIDENTIAL INFORMATION COVERED BY A STIPULATION AND PROTECTIVE ORDER ENTERED IN THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

I, the undersigned, hereby declare that:

1. I have read the attached Stipulation and Protective Order (the "Order") in the action entitled *Christine Wolf v. Loring Ward International Ltd.,, et. al.* Case Number CV05-3535 PSG (RZx), presently pending in the United States District Court, Central District of California.

2. I understand the terms of the Order, and I agree to be bound by such terms.

3. I specifically understand that the Order requires me to keep confidential such Confidential Information (as defined in the Order) as is disclosed to me in the course of my involvement in this litigation, and not to disclose any such Confidential Information to any person not both authorized by the Order to receive such information and expressly approved in advance by one of the counsel of record herein.

4. I agree that I shall return or destroy all documents containing or restating Confidential Information which have been provided to me or created by me, upon demand by the Court or the attorney or Party who furnished the Confidential Information to me.

5. I submit to the jurisdiction of the United States District Court, Central District of California, for the limited purpose of any proceeding to enforce the terms of the Order. I understand that I may be subject to contempt proceedings for violation of the Order if I do not comply with the Order's terms.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct, and that this Agreement and Declaration is executed on _____, 200, at

_____.

_____

CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

# PROOF OF SERVICE

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 10250 Constellation Boulevard, Nineteenth Floor, Los Angeles, California 90067.

On **May 8, 2007**, I served the foregoing document(s) described as:

# STIPULATION AND [PROPOSED PROTECTIVE ORDER

on the interested parties to this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:

## PLEASE SEE ATTACHED LIST

[X] **(BY MAIL)** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

[ ] (BY OVERNIGHT DELIVERY SERVICE) I served the foregoing document by Federal Express, an express service carrier which provides overnight delivery, as follows. I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

[ ] (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the offices of the above named addressee(s).

[X] **(BY FACSIMILE)** I caused such documents to be delivered via facsimile to the offices of the addressee(s) at the following facsimile number: **(310) 859-2325; (310) 566-9850; (713) 751-3290.**

Executed this 8th **day of May, 2007**, at Los Angeles, California.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

JENNIFER JACOBSEN

LAW OFFICES
CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

486413 v1

# SERVICE LIST

Allan B. Cooper, Esq.
Shirley S. Dloomy, Esq.
Ervin, Cohen & Jessup, LLP
9401 Wilshire Boulevard, Ninth Floor
Beverly Hills, CA 90212-2974
*By U.S. Mail & Fax at (310) 859-2325.*

Mark K. Glasser, Esq.
Christie Cardon Anderson, Esq.
King & Spalding, LLP
1100 Louisiana, Suite 4000
Houston, Texas 77002
*By U.S. Mail & Fax at (713) 751-3290.*

*Attorneys for Plaintiff Christine Wolf*

Dale F. Kinsella, Esq.
Michael J. Kump, Esq.
Kristen L. Spanier, Esq.
Kinsella, Weitzman, Iser, Kump & Aldisert, LLP
808 Wilshire Boulevard, 3rd Floor
Los Angeles, CA 90401
*By U.S. Mail & Fax at (310) 566-9850.*

*Attorneys for Defendants Loring Ward, Inc. and Robert Philpott*

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 808 Wilshire Boulevard, 3rd Floor, Santa Monica, California 90401.

On March 24, 2008, I served the following document(s) described as: **DEFENDANT LORING WARD, INC.'S APPLICATION TO FILE CONFIDENTIAL DOCUMENTS UNDER SEAL [L.R. 79-5.1]** on the interested party in this action as follows:

Mark K. Glasser, Esq.
King & Spalding LLP
1100 Louisiana, Suite 4000
**Houston, Texas 77002**

**BY FEDEX:** I enclosed said document(s) in an envelope or package provided by FedEx and addressed to the persons at the addresses listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of FedEx or delivered such document(s) to a courier or driver authorized by FedEx to receive documents.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 24, 2008, at Santa Monica, California.

Debbie Yanco

53289.00005/33439.1

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and **not a party to this action.** I am employed in the County of Los Angeles, State of California. My business address is 808 Wilshire Boulevard, 3rd Floor, Santa Monica, California 90401.

On March 24, 2008, I served the following document(s) described as: **DEFENDANT LORING WARD, INC.'S APPLICATION TO FILE CONFIDENTIAL DOCUMENTS UNDER SEAL [L.R. 79-5.1]** on the interested party in this action as follows:

Michael L. Meeks, Esq.
Attorney at Law
Pepper Hamilton LLP
5 Park Plaza, Suite 1700
Irvine, California 92614-8503

**BY OVERNIGHT EXPRESS:** I enclosed said document(s) in an envelope or package provided by Overnight Express and addressed to the person at the address listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of Overnight Express or delivered such document(s) to a courier or driver authorized by Overnight Express to receive documents.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 24, 2008, at Santa Monica, California.

_____
Debbie Yanco

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

1 | <u>**PROOF OF SERVICE**</u>

2 | **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3 |     At the time of service, I was over 18 years of age and **not a party to this action**. I am
employed in the County of Los Angeles, State of California. My business address is 1533
4 | Wilshire Boulevard, Los Angeles, California 90017.

5 |     On March 24, 2008, I served the following document(s) described as **DEFENDANT
LORING WARD, INC.'S APPLICATION TO FILE CONFIDENTIAL DOCUMENTS
6 | UNDER SEAL [L.R. 79-5.1]** on the interested parties in this action as follows:

7 | James P. Clark, Esq.
Marjorie Ehrich Lewis, Esq.
8 | Angelique Kaounis, Esq.
Gibson Dunn & Crutcher LLP
9 | 333 South Grand Avenue
Los Angeles, California 90071

10 |

11 | Patricia L. Glaser, Esq.
Joel N. Klevens, Esq.
Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP
12 | 10250 Constellation Boulevard, 19th Floor
Los Angeles, CA 90067

13 |

14 | **BY PERSONAL SERVICE:** I personally delivered the document(s) to the person being at the
addresses listed in the Service List. (1) For a party represented by an attorney, delivery was made
to the attorney or at the attorney's office by leaving the documents in an envelope or package
15 | clearly labeled to identify the attorney being served with a receptionist or an individual in charge
of the office. (2) For a party, delivery was made to the party or by leaving the documents at the
16 | party's residence with some person not less than 18 years of age between the hours of eight in the
morning and six in the evening.

17 |

18 |     I declare under penalty of perjury under the laws of the United States of America that the
foregoing is true and correct and that I am employed in the office of a member of the bar of this
Court at whose direction the service was made.

19 |

20 |     Executed on March 24, 2008, at Los Angeles, California.

21 |

22 | 

23 |

24 |

25 |

26 |

27 |

28 |

53289.00005/35615.1