O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Term 551
Aug. 9 and Sept 13 hrg vacated
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-3535 PSG (RZx) | Date | August 6, 2010 |
|---|---|---|---|
| Title | Christine Wolf v. Loring Ward International, Ltd. *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order Dismissing Case for Lack of Subject Matter Jurisdiction

I.  Background

On May 11, 2005, Plaintiff Christine Wolf ("Plaintiff") filed this action against Defendants Loring Ward International Ltd., Loring Ward Capital Management Ltd., Loring Ward Inc., Assante Corporation, Martin Weinberg, and Robert Philpott.[1] Subject matter jurisdiction was alleged on the basis of diversity of citizenship under 28 U.S.C. § 1332. *See Cmplt* ¶ 9.

To support this jurisdictional averment, Plaintiff's first amended complaint alleged that Plaintiff "is an individual who is a resident of Greenwich, Connecticut." *See FAC* ¶ 1. With respect to the defendants, the first amended complaint alleged that Loring Ward International Ltd. "is a Canadian Corporation with its principal place of business in Winnipeg, Manitoba, Canada," *see id.* at ¶ 2, that Loring Ward Capital Management Ltd. "is a Canadian corporation with its principal place of business in Winnipeg, Manitoba, Canada," *see id.* at ¶ 3, that Loring Ward Inc. "is a California corporation with its principal place of business in Los Angeles, California," *see id.* at ¶ 4, that Assante Corporation "is a Canadian corporation with its principal

---

[1] While the caption of the complaint also named LWI Financial Inc. and Loring Ward Estate and Insurance Services Inc. as defendants, the body of the complaint did not. No subsequent iteration of the complaint names these entities as defendants.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Term 551
Aug. 9 and Sept 13 hrg vacated
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-3535 PSG (RZx) | Date | August 6, 2010 |
|---|---|---|---|
| Title | Christine Wolf v. Loring Ward International, Ltd. *et al.* | | |

place of business in Toronto, Ontario, Canada," *see id.* at ¶ 5, that Martin Weinberg "is an individual domiciled in Winnipeg, Manitoba, Canada," *see id.* at ¶ 6, and that Robert Philpott "is an individual domiciled in Agoura Hills, California," *see id.* at ¶ 7.

On March 3, 2008, the Court issued an order to show cause ("OSC") why the case should not be dismissed for lack of subject matter jurisdiction. *See* Dkt # 298. The OSC identified two defects in Plaintiff's jurisdictional allegations. First, the OSC noted:

> Jurisdiction is asserted on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332, but the pleadings set forth the residence, rather than the citizenship, of some of the parties. Diversity is based on citizenship.

*See id.* at p. 1. Second, the OSC noted:

> Jurisdiction is asserted on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. Some of the parties are corporations. The complaint is deficient because . . . the complaint does not state both the respective state(s) of incorporation and principal place of business. 28 U.S.C. § 1332(c).

*See id.* at p. 2. The OSC indicated that Plaintiff's failure to address these deficiencies in writing by March 17, 2008 would result in dismissal of the action. *See id.* at p. 4.

On March 17, 2008, in response to the Court's OSC, Plaintiff filed a request for leave to file a second amended complaint, which she contended would correct the jurisdictional deficiencies outlined in the OSC. *See* Dkt # 334 at i:9-13. Specifically, Plaintiff proposed to allege in a second amended complaint that "Plaintiff Christine Wolf . . . is an individual who is a resident of Greenwich, Connecticut," *see id.* at i:16-18, and to allege additional facts concerning the principal places of business for the entity defendants, *see id.* at i:19-ii:20.

On April 4, 2008, the Court issued an order finding Plaintiff's response to the OSC inadequate. *See* Dkt # 437. Noting, again, that diversity jurisdiction is based on the citizenship of the parties, not their residence, the Court observed that Plaintiff was merely proposing to allege, again, that she was a "resident" of Greenwich, Connecticut. The Court concluded that Plaintiff had therefore failed to carry her burden of establishing the existence of diversity jurisdiction in the case and, accordingly, dismissed the case for lack of subject matter

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Term 551
Aug. 9 and Sept 13 hrg vacated
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-3535 PSG (RZx) | Date | August 6, 2010 |
|---|---|---|---|
| Title | Christine Wolf v. Loring Ward International, Ltd. *et al.* | | |

jurisdiction.  The Court stated that it expressed "no opinion on whether Plaintiff adequately addressed other potential problems with jurisdiction."  *See id.* at p. 1, n. 1.

On April 30, 2008, the Court denied Plaintiff's motion to re-open the case based on a claim of "excusable mistake."  *See* Dkt # 452.[2]  On March 30, 2010, the Ninth Circuit reversed that denial and remanded with instructions to permit Plaintiff to amend her complaint to allege her state of citizenship.  *See* Dkt # 491.

On July 8, 2010, Plaintiff filed her second amended complaint.  *See* Dkt # 543.  It alleges that Plaintiff

> is an individual who is a citizen of Greenwich, Connecticut and of the United States, and was a citizen of the state of Connecticut and of the United States at the time this action was filed and at all times since then.  At the time this action was filed, and continuously thereafter, Plaintiff has resided in Connecticut with the intent to remain there indefinitely.  Plaintiff paid taxes to the State of Connecticut as a resident and citizen of that state for the years 2005-2007.  Plaintiff paid taxes to California as a non-resident in the years 2005 and 2006 as the result of stock options she received as part of the dissolution of her marriage to Dick Wolf.

*See SAC* ¶ 1.  The second amended complaint further alleges that

> Loring Ward, Inc. ("Loring Ward" or "LWI") is and was, at the time this action was filed and all times since then, a California corporation with its principal place of business in California.  Loring Ward is therefore a citizen of the state of California.

*See id.* at ¶ 2.[3]  The second amended complaint alleges that Assante Corporation

---

[2] On April 7, 2008, Plaintiff submitted a declaration in support of her motion to re-open the case. *See* Dkt # 441.  The Court will refer to the contents of that declaration in detail below.

[3] Paragraph 2 of the second amended complaint goes on to include a number of factual allegations concerning the location of Loring Ward, Inc.'s employees, tangible property, activities, and principal offices.  *See SAC* ¶ 2.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**Term 551**
**Aug. 9 and Sept 13 hrg vacated**
**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-3535 PSG (RZx) | Date | August 6, 2010 |
|---|---|---|---|
| Title | Christine Wolf v. Loring Ward International, Ltd. *et al.* | | |

is and was at the time this action was filed and at all times since then, a Canadian corporation, incorporated under Canadian law, with its principal place of business in Toronto, Ontario, Canada. Assante is therefore a citizen of Canada and of the province of Ontario, and was a citizen of Canada and of the province of Ontario at the time this action was filed.

*See id.* at ¶ 5.[4] The second amended complaint alleges that Martin Weinberg "is, and was at the time this action was filed and at all times since then, a Canadian citizen and an individual domiciled in Winnipeg, Manitoba, Canada." *Id.* at ¶ 6. And, finally, the second amended complaint alleges that Robert Philpott "is, and was at the time this action was filed and at all times since then, an individual domiciled in Agoura Hills, California and a citizen of the state of California and of the United States." *Id.* at ¶ 7.

On July 19, 2010, the Court held a status conference to address a number of issues in this case. *See Dkt* # 548. During that conference, the Court stated

> With regard to the whole issue that caused some delay, my read of the Ninth Circuit opinion was that the Court abused its discretion in not allowing the filing of the amended complaint, but I still have some concerns about jurisdiction in this case. . . . I would like to receive a declaration from the plaintiff under penalty of perjury with regard to the issues of citizenship, whether it is voting, tax returns [that] were filed, those things.

*7/19/10 Transcript* 8:24-9:7. The Court ordered Plaintiff to submit a declaration addressing the Court's jurisdictional concerns by August 2, 2010. *See 7/19/10 Status Conference Minutes* (Dkt # 546).

On August 2, 2010, Plaintiff submitted a declaration in response to the Court's order (*see* Dkt # 550), the contents of which will be addressed in some detail below.

II.     Legal Standard

---

[4] Paragraph 5 of the second amended complaint goes on to include allegations concerning Assante Corporation's ownership and its structural relationship to Loring Ward. *See SAC* ¶ 5.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**Term 551**
**Aug. 9 and Sept 13 hrg vacated**
**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-3535 PSG (RZx) | Date | August 6, 2010 |
|---|---|---|---|
| Title | Christine Wolf v. Loring Ward International, Ltd. *et al.* | | |

Federal courts are courts of limited jurisdiction, and presumptively lack jurisdiction to hear civil actions. *See Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). The burden of establishing jurisdiction thus rests upon the party asserting it. *See id.* And even where that party's adversary does not challenge its jurisdictional allegations, "the court may still insist that the jurisdictional facts be established or the case be dismissed, and for that purpose the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence." *Gaus v. Miles, Inc.,* 980 F.2d 564, 567 (9th Cir. 1992) (quoting *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189, 80 L. Ed. 1135, 56 S. Ct. 780 (1936)); *see also Snell v. Cleveland, Inc.,* 316 F.3d 822, 826 (9th Cir. 2002) (noting that "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action").

Jurisdiction founded on diversity "requires that the parties be in complete diversity and the amount in controversy exceed $75,000." *See Matheson v. Progressive Specialty Ins. Co.,* 319 F.3d 1089, 1090 (9th Cir. 2003); *see also* 28 U.S.C. § 1332. "Complete diversity" means that all plaintiffs must have citizenship different than all defendants. *See Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L. Ed. 435 (1806). A corporation is a citizen both of the state in which it was incorporated and of the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c). An individual person is a citizen of his or her state of domicile, which is determined at the time the lawsuit is filed. *See Lew v. Moss,* 797 F.2d 747, 750 (9th Cir. 1986). A person's "domicile" is the "location where he or she has established a fixed habitation or abode in a particular place, and intends to remain there permanently or indefinitely." *See id.* at 749-50 (internal quotations and alterations omitted). "[T]he determination of an individual's domicile involves a number of factors (no single factor controlling), including: current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." *Id.* at 750 (citations omitted).[5] Finally, "a person's old domicile is not lost

---

[5] *See also Schwarzer, Tashima & Wagstaffe,* CAL. PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL 2:276 (The Rutter Group 2010) ("A person's actions may speak louder than his or her words in determining domiciliary intent. Such intent is gauged by various objective factors: e.g., length of residence, employment, location of assets, voting registration, address shown on driver's license, payment of state taxes, etc.").

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Term 551
Aug. 9 and Sept 13 hrg vacated
JS-6

## CIVIL MINUTES - GENERAL

| Case No. | CV 05-3535 PSG (RZx) | Date | August 6, 2010 |
|---|---|---|---|
| Title | Christine Wolf v. Loring Ward International, Ltd. *et al.* | | |

until a new one is acquired." *Id.*

### III. Discussion

Plaintiff alleges that the Court has subject matter jurisdiction over this action based on diversity of citizenship. *See SAC* ¶ 9. To satisfy the "complete diversity" requirement, Plaintiff alleges that she is a citizen of Connecticut, while Defendants are citizens of California and Canada. *See id.* at ¶¶ 1-7. For the reasons that follow, however, the Court finds Plaintiff's allegations and the evidence submitted in support thereof to be insufficient to establish that the parties to this case are completely diverse.

#### A. Plaintiff's Citizenship

Plaintiff alleges that she was a citizen of the state of Connecticut at the time this action was filed, that is, as of May 11, 2005. *See SAC* ¶ 1. Upon examining the relevant factors, however, the Court finds that Plaintiff has failed to establish by a preponderance of the evidence that she had acquired a "domicile" in Connecticut by May 11, 2005.

##### 1. Residence

For an unspecified period ending in (apparently July) 2003, Plaintiff resided in California, in a house she shared with her husband. *See 4/7/08 Wolf Decl.* ¶¶ 5-6; *7/29/10 Wolf Decl.* ¶ 2. Upon leaving that residence "in connection with the dissolution of [her] marriage," Plaintiff moved into a "family home" in Maine, where she remained for an unspecified period. *See 7/29/10 Wolf Decl.* ¶ 2. At some later time in 2003, Plaintiff moved to New York City, where she lived in apartments and perhaps, though it is unclear, in a townhouse she had purchased. *See 7/29/10 Wolf Decl.* ¶ 2. Then, at some time between mid-September and mid-December 2004, Plaintiff moved to Connecticut "so that [her] son Elliot could attend school at the New Canaan Country School" in New Canaan, Connecticut. *See id.* In Connecticut, she lived in hotels until February or March 2005, at which time she moved into a house she had leased. *See id.* Thus, at the time this action was filed, Plaintiff had been residing in Connecticut for five to eight months, principally in hotels.

##### 2. Voting Registration and Practices

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**Term 551**
**Aug. 9 and Sept 13 hrg vacated**
**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-3535 PSG (RZx) | Date | August 6, 2010 |
|---|---|---|---|
| Title | Christine Wolf v. Loring Ward International, Ltd. *et al.* | | |

At the time this action was filed, Plaintiff had never registered to vote in any state. *See 7/29/10 Wolf Decl.* ¶ 5.[6]

### 3. Location of Personal and Real Property

Plaintiff is silent with respect to the location of her personal property. *See generally 4/7/08 Wolf Decl.; 7/29/10 Wolf Decl.*

Plaintiff "relinquished ownership" of the house she shared with her former husband in California in 2003 and has owned no real property in California since 2003. *See 4/7/08 Wolf Decl.* ¶ 6. In August 2003, however, Plaintiff bought a townhouse in New York City, then sold it "a year or two" after she moved to Connecticut in 2004. *See id.* Thus, at the time this action was filed, Plaintiff owned real property in the state of New York. Strictly speaking, Plaintiff is silent with respect to her ownership of any other real property in any other state. *See generally 4/7/08 Wolf Decl.*; *7/29/10 Wolf Decl.* Nevertheless, the evidence strongly suggests that Plaintiff has at no time owned real property in Connecticut. *See 7/29/10 Wolf Decl.* ¶ 2.

### 4. Location of Brokerage and Bank Accounts

Plaintiff is silent with respect to the location of any brokerage or bank accounts in her name. *See generally 4/7/08 Wolf Decl.*; *7/29/10 Wolf Decl.*

### 5. Location of Spouse and Family

At the time this action was filed, Plaintiff's son Elliott resided with her while he attended school in New Canaan, Connecticut. *See 7/29/10 Wolf Decl.* ¶ 3. Plaintiff is silent with respect to the location of any other children or other family. *See generally 4/7/08 Wolf Decl.*; *7/29/10 Wolf Decl.*

---

[6] Plaintiff did register to vote in Connecticut at some unspecified time in 2008, *see 7/29/10 Wolf Decl.* ¶ 5, but in any event apparently after the Court issued its March 3, 2008 OSC and after Plaintiff submitted her April 7, 2008 declaration, as the latter is silent on the issue, *see 4/7/08 Wolf Decl.* Plaintiff is also silent with respect to whether she ever subsequently voted in Connecticut. *See 7/29/10 Wolf Decl.* ¶ 5.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**Term 551**
**Aug. 9 and Sept 13 hrg vacated**
**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-3535 PSG (RZx) | Date | August 6, 2010 |
|---|---|---|---|
| Title | Christine Wolf v. Loring Ward International, Ltd. *et al.* | | |

      6.      Membership in Organizations

Plaintiff is silent with respect to her membership in any organizations. *See generally 4/7/08 Wolf Decl.*; *7/29/10 Wolf Decl.*

      7.      Place of Employment or Business

Plaintiff is silent with respect to matters of employment and business activity generally. *See generally 4/7/08 Wolf Decl.*; *7/29/10 Wolf Decl.*

      8.      Driver's License and Automobile Registration

At the time this action was filed, Plaintiff was continuing to use her California driver's license. *See 7/29/10 Wolf Decl.* ¶ 6. Plaintiff is silent with respect to whether any automobiles were registered in her name in any state. *See generally 4/7/08 Wolf Decl.; 7/29/10 Wolf Decl.*

      9.      Taxes

Plaintiff is silent with respect to where, as of the time this action was filed, she had paid taxes. *See generally 4/7/08/ Wolf Decl.*; *7/29/10 Wolf Decl*. Her declarations clearly imply, however, that she had not done so in Connecticut. *See 4/7/08/ Wolf Decl.* ¶ 3, Exs. A, B; *7/29/10 Wolf Decl.* ¶ 4, Exs. A, B.[7]

      10.      Summary

As indicated, the evidence submitted by Plaintiff fails to address many (if not most) of the factors that would establish the location of her domicile at the time of the filing of this action. Of the factors Plaintiff does address, some cut sharply against a finding that, as of May 11, 2005, she intended to remain in Connecticut permanently. In particular, she was still using her California driver's license at that time (which she continued to do until 2007, *see 7/29/10 Wolf*

---

[7] Plaintiff does submit evidence that in 2006 she filed both a Connecticut resident tax form and a California non-resident or part-year resident tax form on her 2005 income. *See 4/7/08/ Wolf Decl.* ¶ 3, Exs. A, B; *7/29/10 Wolf Decl.* ¶ 4, Exs. A, B.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Term 551
Aug. 9 and Sept 13 hrg vacated
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-3535 PSG (RZx) | Date | August 6, 2010 |
|---|---|---|---|
| Title | Christine Wolf v. Loring Ward International, Ltd. *et al.* | | |

*Decl.* ¶ 6) and retained ownership of a townhouse in New York City (while only renting and leasing dwellings in Connecticut). Those factors that to some extent tend to support Plaintiff's assertion that she intended to remain in Connecticut permanently do not, in fact, support that assertion unequivocally. In particular, while Plaintiff did reside in Connecticut with her son at the time this suit was filed, she had lived there for only five to eight months, after considerably longer stints in California and New York. *See 7/29/10 Wolf Decl.* ¶ 2. In view of a) Plaintiff's failure to address many of the factors relating to the location of her domicile at the relevant time, b) those factors that cut against a finding that it was located in Connecticut, and c) the weakness of those factors that might support such a finding, the Court finds that Plaintiff has failed to establish by a preponderance of the evidence that she had acquired a domicile in Connecticut by May 11, 2005.

The Court notes, moreover, that while it has addressed the factors determining Plaintiff's domicile systematically, it has not applied them mechanically. In fact, when the evidence is viewed as a whole, one is left with the impression that on May 11, 2005 Plaintiff was something of an interstate itinerant, whose most recent domicile was in California, and who had recently taken up residence in Connecticut while her son was attending a particular school there.[8] Citizenship requires something more.

    B.    <u>The Entity Defendants' Citizenship</u>

Plaintiff's second amended complaint also fails to address the deficiencies in the jurisdictional allegations relating to corporate parties that were cited by the Court in its March 3, 2008 OSC. In particular, the second amended complaint fails to state Defendant Loring Ward, Inc.'s state of incorporation. Rather, it merely alleges that Loring Ward, Inc. is "a California corporation." *See SAC* ¶ 2. This is insufficient. *See Fifty Associates v. Prudential Ins. Co.,* 446 F.2d 1187, 1190 (9th Cir. 1970) ("[T]he averment that 'plaintiff is and was a New Jersey corporation and a citizen of the State of New Jersey' is plainly inadequate."). Notably, Plaintiff is capable of properly alleging a corporation's state of incorporation when she chooses:

---

[8] Supporting this impression, if not directly relevant to a determination of Plaintiff's domicile in May 2005, is the circumstance that Plaintiff's son has now graduated from the New Canaan Country School and "[a]s of today" Plaintiff is without a "permanent residence." *See 7/29/10 Wolf Decl.* ¶¶ 2-3.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**Term 551**
**Aug. 9 and Sept 13 hrg vacated**
**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-3535 PSG (RZx) | Date | August 6, 2010 |
|---|---|---|---|
| Title | Christine Wolf v. Loring Ward International, Ltd. *et al.* | | |

Defendant Assante Corporation is alleged to be "a Canadian corporation, *incorporated under Canadian law . . . .*" *See SAC* ¶ 5 (emphasis added). Finally, there are no allegations whatsoever in the second amended complaint relating to the citizenship of Defendants Loring Ward International Ltd. and Loring Ward Capital Management Ltd. *See SAC* ¶¶ 1-7. These deficiencies constitute independent grounds for dismissing this action for lack of subject matter jurisdiction.

IV.   Conclusion

For the foregoing reasons, the Court dismisses this action for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**